IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MEADWESTVACO, INC., and )
MW CUSTOM PAPERS, LLC, )
 ) Case No. 1:10-cv-250
Plaintiffs, )
 ) Mattice / Carter
v. )
 )
UNITED STATES OF AMERICA, )
acting through THE GENERAL )
SERVICES ADMINISTRATION, )
 )
Defendant. )

## COMPLAINT

MeadWestvaco, Inc. and MW Custom Papers, LLC (collectively "Mead" or "Plaintiffs") alleges:

### NATURE OF THE ACTION

1. Mead seeks cost recovery and contribution under the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601 et seq. ("CERCLA") with regard to certain areas of hazardous substance contamination in and around Chattanooga, Tennessee.

2. Mead has incurred environmental sampling and clean up costs, *inter alia*, in and around Chattanooga. Because Defendant United States of America, acting through the Defense Plant Corporation, for whom the United States General Services Administration acts today in a representative capacity, caused or contributed to the environmental contamination addressed by Mead, the United States of America is liable for cost recovery under CERCLA § 107 and, alternatively, for contribution under CERCLA § 113.

## BACKGROUND

3. The Tennessee Products and Chemical coke plant facility sits on approximately 24 acres at 4800 Central Avenue in Chattanooga, Tennessee (the "Coke Plant").

4. Starting around 1913 and spanning approximately 75 years, coke production occurred at the Coke Plant facility.

5. First established in 1913 by Chattanooga Gas and Coal Products, the site was later purchased by Chattanooga Coke and Gas Company. In 1926, Tennessee Products and Chemical Company ("Tennessee Products") acquired the Coke Plant.

6. The United States, through the Defense Plant Corporation, owned and/or operated the Coke Plant from approximately 1941 through 1946. The United States, through the Defense Plant Corporation, purchased a portion of the Coke Plant property from Tennessee Products in March 1941. The United States also purchased certain equipment for use on the Coke Plant, and then leased the land and equipment owned by the United States back to Tennessee Products in exchange for annual rental payments. The United States sold the portion of the Coke Plant it owned, and the associated equipment, back to Tennessee Products in June 1946.

7. During the years 1941-1946, Tennessee Products continued to own part of the Coke Plant property and conducted coke-making activities on the Coke Plant. Tennessee Products continued its coke-making activities on the Coke Plant after it purchased the portions of the real property and equipment owned by the United States from the United States in June 1946. Tennessee Products sold the Coke Plant to Woodward Iron Co. on or about January 1, 1964.

8. The Mead Corporation, predecessor to MW Custom Papers LLC, acquired the Coke Plant in a merger with Woodward Iron Co. in 1968 and operated the Coke Plant until the Mead Corporation sold the Coke Plant on or about May 31, 1974.

9. During the United States' activities at the Coke Plant, the United States released "hazardous substances, pollutants and contaminants" within the meaning of CERCLA into the environment in and from the Coke Plant.

10. Mead incurred CERCLA response costs totaling not less than $3,666,774.59 with regard to the Coke Plant as of June 5, 2009.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the parties and allegations in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1346; and, 42 U.S.C. §§ 9607 and 9613(b). Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b), because a substantial portion of the acts and omissions that give rise to these claims occurred within this District, and pursuant to 42 U.S.C. § 9613(b), because Plaintiffs' hazardous substance releases occurred and Mead's damages were incurred in this District.

## CAUSES OF ACTION

### Count I: Cost Recovery Pursuant to CERCLA § 107

12. Mead incorporates as if fully restated herein the allegations of Paragraphs 1-11 above.

13. Defendant is a "person" as that term is defined under CERCLA pursuant to 42. U.S.C. § 9601 (21).

14. The Coke Plant constitutes a "facility" as that term is defined under CERCLA pursuant to 42 U.S.C. § 9601 (9).

15. Defendant caused releases and threatened releases of CERCLA hazardous substances in the environment at, from, and into the Coke Plant.

16. Defendant owned and/or operated the Coke Plant during the time hazardous substances were disposed of and released at the Coke Plant, within the meaning of 42 U.S.C. § 9607.

17. Defendant arranged for the disposal of the hazardous substances at the Coke Plant, within the meaning of 42 U.S.C. § 9607.

18. The releases and threatened releases by Defendant caused Mead to incur necessary costs of response within the meaning of CERCLA.

19. The response costs incurred by Mead were consistent with the CERCLA National Contingency Plan.

20. Defendant is a liable party under 42 U.S.C. § 9607(a), thereby entitling Mead to recover, jointly and severally from Defendant, the response costs incurred with regard to the Coke Plant.

### Count II: Contribution Pursuant to 42 U.S.C. § 9613

21. Mead incorporates as if fully restated herein the allegations of Paragraphs 1-11 above.

22. Defendant is a "person" as that term is defined under CERCLA pursuant to 42. U.S.C. § 9601 (21).

23. The Coke Plant constitutes a "facility" as that term is defined under CERCLA pursuant to 42 U.S.C. § 9601 (9).

24. Defendant has caused releases and threatened releases of CERCLA hazardous substances in the environment at, from, and into the Coke Plant.

25. Defendant owned and/or operated the Coke Plant at the time those hazardous substances were disposed of and released at the Coke Plant, within the meaning of 42 U.S.C. § 9607.

26. Defendant arranged for the disposal of hazardous substances at the Coke Plant, within the meaning of 42 U.S.C. § 9607.

27. The releases and threatened releases by Defendant caused Mead to incur necessary costs of response within the meaning of CERCLA.

28. The response costs incurred by Mead were consistent with the CERCLA National Contingency Plan.

29. Defendant is a liable party under 42 U.S.C. § 9607(a), thereby entitling Mead to recover from Defendant an equitable share of the response costs incurred with regard to the Coke Plant, pursuant to 42 U.S.C. § 9613.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Pursuant to Count I, enter judgment in favor of Mead and against Defendant, jointly and severally, for costs and damages, not less than $3,666,774.59, incurred by Mead at or with regard to the Coke Plant, plus interest.

B. Pursuant to Count II, enter judgment in favor of Mead and against Defendant, for an equitable share of costs and damages, including interest, incurred by Mead at or with regard to the Coke Plant.

C. Award Mead such other relief as may be just and appropriate.

This 3rd day of September, 2010.

Respectfully submitted,

By: /s/ David C. Higney
DAVID C. HIGNEY (BPR # 014888)
GRANT, KONVALINKA & HARRISON, P.C.
633 Chestnut Street, Suite 900
Chattanooga, TN 37450
(423) 756-8400
dhigney@gkhpc.com

Of Counsel:

CHRISTOPHER D. THOMAS
Squire, Sanders & Dempsey, L.L.P.
1 E. Washington Street, Suite 2700
Phoenix, AZ 85004
(602) 528-4044

*Attorneys for Plaintiffs*
*MeadWestvaco, Inc. and*
*MW Custom Papers, LLC*