UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MEADWESTVACO CORPORATION and MW CUSTOM PAPERS, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES OF AMERICA, acting through THE GENERAL SERVICES ADMINISTRATION, <br><br> *Defendant*. | Case No. 1:10-cv-250 <br><br> Judge Mattice |

# MEMORANDUM AND ORDER

Presently before the Court are the parties' Joint Motion for Entry of Consent Decree [Court Doc. 3] and Joint Motion Relative to Revising Consent Decree Caption and, Thereafter, for Entry of Consent Decree [Court Doc. 10]. The parties represent to the Court that the Consent Decree will "settle Plaintiffs' claims against the United States in this Case" and that "the terms of the Consent Decree are fair, adequate, reasonable, and consistent with the public interest." (Court Doc. 3-1, Ex. A, Consent Decree 1; Court Doc. 3, Joint Mot. for Entry of Consent Decree ¶ 4.)

For the reasons explained below, the Court will **GRANT** the parties' Joint Motion for Entry of Consent Decree [Court Doc. 3] and the Joint Motion Relative to Revising Consent Decree Caption and, Thereafter, for Entry of Consent Decree [Court Doc. 10].

## I. LEGAL STANDARD

"A consent decree is a strange hybrid in the law." *Brown v. Neeb*, 644 F.2d 551, 557 (6th Cir. 1981). It is both "a voluntary settlement agreement which could be fully effective without judicial intervention" and "a final judicial order . . . placing the power and prestige

of the court behind the compromise struck by the parties." *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983). The decree "memorializes . . . [and] should be strictly construed to preserve the bargained for position of the parties," in part because the court "has no occasion to resolve the merits of the disputed issues or the factual underpinnings of the various legal theories advanced by the parties."

When deciding whether to approve and enter a proposed consent decree, a district court must consider "whether the decree is fair, adequate, and reasonable, as well as consistent with the public interest." *United States v. Lexington-Fayette Urban Cnty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010). In the context of actions brought pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA"),42 U.S.C. §§ 9601 *et seq.*, courts have interpreted this as a "three-part test of (1) fairness, (2) reasonableness, and (3) consistency with CERCLA's goals." *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1426 (6th Cir. 1991).

Because it acts as a final judicial order, any prospective provisions "operate as an injunction." *Williams*, 720 F.2d at 920. This injunctive quality "compels the court to: 1) retain jurisdiction over the decree during the term of its existence; 2) protect the integrity of the decree with its contempt powers; and 3) modify the decree should 'changed circumstances' subvert its intended purpose." *Id.* (internal citations and quotation marks omitted).

## II. FACTUAL BACKGROUND

As the parties have briefed the background of the case in significant depth, including in the proposed consent decree itself, it is unnecessary to recount that history at length.

In short, on September 3, 2010, Plaintiff filed the instant action seeking cost recovery and contribution from Defendant pursuant to CERCLA §§ 9607 and 9613 respectively for certain previously-incurred environmental sampling and clean up costs related to the Tennessee Products and Chemical coke plant (the "Coke Plant"). (Court Doc. 1, Compl. 1-2.) In its complaint, Plaintiff alleged that Defendant, through the Defense Plant Corporation, owned or operated the Coke Plant from 1941 through 1946, during which time it conducted activities which released "hazardous substances, pollutants and contaminants" within the meaning of CERCLA. (*Id.* at 2-3.) Plaintiff, a subsequent owner of the Coke Plant, "incurred CERCLA response costs totaling not less than $3,666,774.59 with regard to the Coke Plant as of June 5, 2009." (*Id.*) Plaintiff alleges that Defendant is a liable party pursuant to § 9607(a) and thus that Plaintiff is entitled to recover from Defendant its response costs, or an equitable share thereof, with regard to the Coke Plant (*Id.* at ¶¶ 20, 29.)

On the same day, September 3, 2010, the parties filed a Joint Motion for Entry of the Consent Decree [Court Doc. 3], informing the Court that they had reached a settlement in the matter, embodied in a proposed Consent Decree they attached as Exhibit A [Court Doc. 3-1] and asked the Court to enter. They provided a Memorandum in Support of the Joint Motion [Court Doc. 4] in which they laid out their arguments as to why the terms of the proposed Consent Decree are "fair, reasonable, and faithful to the objectives of CERCLA." (Court Doc. 4, Mem. in Supp. of Joint Mot. for Entry of Consent Decree 2.)

On November 1, 2010, the parties filed a Joint Motion Relative to Revising Consent Decree Caption And, Thereafter, for Entry of Consent Decree [Court Doc. 10, "Motion to Revise"], which sought to correct a typographical error in the caption of the case by

substituting "MeadWestvaco Corporation"–the corporate entity signing the proposed Consent Decree– for "MeadWestvaco, Inc."–the incorrect name for Plaintiff used in the caption of the Complaint and Joint Motion for Entry of the Consent Decree, but corrected in the Amended Complaint. To that Motion to Revise, the parties attached an amended copy of the proposed Consent Decree which incorporated the typographical correction [Court Doc. 10-1, Am. Consent Decree].

## III.  ANALYSIS

As stated above, this Court must determine whether the proposed Consent Decree is "fair, adequate, and reasonable, as well as consistent with the public interest." *Lexington-Fayette Urban Cnty. Gov't*, 591 F.3d at 489. In this context, a CERCLA cost recovery and contribution action, "consistent with the public interest" includes reviewing whether the proposed consent decree is consistent with CERCLA's goals. *Akzo Coatings of Am., Inc.*, 949 F.2d at 1426. Upon the record presented, the Court does believe the proposed decree is fair, reasonable, and consistent with CERCLA's goals, which are "facilitating prompt cleanup of hazardous waste financed by those responsible for the hazardous waste, and based on the relevant statutory sections governing liability." *United States v. Consolidation Coal Co.*, 345 F.3d 409, 413 (6th Cir. 2003).

Because a consent decree is "a compromise which has been reached after the risks, expense, and delay of further litigation have been assessed . . . the court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs," although that deference "should correspond to the amount of discovery completed and the character of the evidence uncovered." *Williams*, 720 F.2d at 922-23

(internal citations omitted). The parties agree that the proposed decree was "negotiated at arm's length by experienced counsel after the parties consulted experts and reviewed extensive historical and technical information." (Court Doc. 4, Mem. in Supp. 2.) These experts compared the "production methods and volumes at the Plant during the World War II era (1941-1946) and the years MeadWestvaco's predecessor or subsidiary was involved at the Plant (1964-74), and reached conclusions regarding allocation," after which the parties "came to an agreed-upon allocation between them of response costs incurred through June 5, 2009." (*Id.* at ¶ 4.) In this case, discovery appears to have been substantial and reviewed by each party's experts.

Further, not only is there a "presumption in favor of voluntary settlement," but "[t]hat presumption is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal administrative agency like EPA which enjoys substantial expertise in the environmental field." *Akzo Coatings of Am., Inc.*, 949 F.2d at 1436. In this case, the agreement was negotiated and signed by a representative of the Environment and Natural Resources Division of the United States Department of Justice.

In addition, although the Coke Plant was in operation from 1913 through 1987, the United States and MeadWestvaco appear to be "[t]he only viable potentially liable parties for the past response costs regarding the Plant."(Court Doc. 4, Mem. in Supp. 2 at ¶ 2.) As this agreement represents "a full and final resolution of any and all claims that were asserted against the United States by MeadWestvaco or any other person or entity regarding the Past Response Costs as set forth herein," allowing these two (the only extant parties) to settle the potential liability between them, furthers the goal–both of the parties

and CERCLA itself–"to avoid the complication and expense of further litigation." (Court Doc. 10-1, Am. Consent Decree ¶ J).

Finally, the Court will have only a very limited role in any prospective action, as this proposed Consent Decree is strictly limited to the costs Plaintiff has accrued through June 5, 2009. It has no application to any costs after that date, except to the extent that the proposed Consent Decree contains a recitation that "MeadWestvaco has reserved its claims against the United States for any costs it incurs after June 5, 2009, regarding the Plant." (Court Doc. 4, Mem. in Supp. at ¶ 4.)

For all the reasons enumerated herein, and outlined in proposed Consent Decree itself, this Court finds that the proposed Consent Decree [Court Doc. 10-1] is fair, adequate, reasonable, and consistent with the public interest, including the goals of CERCLA, and therefore the Court **WILL GRANT** the parties' Joint Motion for Entry of Consent Decree [Court Doc. 3] and Joint Motion Relative to Revising Consent Decree Caption and, Thereafter, for Entry of Consent Decree [Court Doc. 10], and **WILL ENTER** the proposed Consent Decree [Court Doc. 10-1] by separate order.

## IV. CONCLUSION

Accordingly, and for the reasons stated above, the Court finds that the proposed Consent Decree [Court Doc. 10-1] is fair, adequate, reasonable, and consistent with the public interest, and thus the parties' Joint Motion for Entry of Consent Decree [Court Doc. 3] and Joint Motion Relative to Revising Consent Decree Caption and, Thereafter, for Entry of Consent Decree [Court Doc. 10] is hereby **GRANTED**. The Court **WILL ENTER** the

proposed Consent Decree [Court Doc. 10-1] by separate order, and the instant case is hereby **DISMISSED WITH PREJUDICE**.

The Clerk is directed to close the case file upon entry of the subject Consent Decree.

**SO ORDERED** this 16th day of February, 2011.

                                            /s/Harry S. Mattice, Jr.
                                            HARRY S. MATTICE, JR.
                                            UNITED STATES DISTRICT JUDGE